IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BUFFY WEBSTER,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | CV 17-89-M-JCL<br><br>ORDER |

On May 31, 2018, the Court entered a stipulated order remanding Plaintiff's application for supplemental security income benefits to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). This matter comes before the Court now on Plaintiff's application for an award of attorney fees in the amount of $6,690.86 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Plaintiff's counsel requests payment for 34 hours of work at the 2016 EAJA hourly rate of rate of $196.79.

1

Under the EAJA, a party who prevails in a civil action against the United States is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not dispute that Plaintiff is a prevailing party for purposes of an EAJA fee award, and does not argue that the agency's position was substantially justified. Nor has the Commissioner pointed to any other circumstances that would make an award of fees in this case unjust. Rather, the Commissioner argues the amount of fees Plaintiff has requested is excessive.

Under the EAJA, the district court may award fees for the number of attorney hours "reasonably expended" by counsel in the case. 28 U.S.C. § 2412(d)(2)(A). The court has discretion to determine whether the fees requested are reasonable, and has "wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (citing *Blum v. Stenson*, 465 U.S. 886, 901 (1984)). See also *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983). The party seeking fees bears the burden of showing that the number of hours expended was reasonable. See *Hensley*, 461 U.S. at 437.

As a general rule, "the district court must give reasons for reducing fees." *Costa v. Commissioner of Social Sec. Admin*, 690 F.3d 1132, 1135 (9th Cir. 2012)

(citing *Moreno*, 534 F.3d at 1111). The court may, however, "impose a reduction of up to 10 percent – a 'haircut' – based purely on the exercise of its discretion and without more specific explanation." *Costa*, 690 F.3d at 1136 (citing *Moreno*, 534 F.3d at 1112).

The Commissioner objects to the amount of Plaintiff's fee request on the ground that counsel improperly billed for clerical tasks, engaged in block billing, and billed amounts unreasonable amounts for certain tasks. As a result, the Commissioner asks the Court to reduce the requested fee award by some unspecified amount.

In response to the Commissioner's objections, Plaintiff has submitted the affidavit of James P. O'Brien. (Doc. 20-1). Based on his review of the record, O'Brien agrees that a minimal reduction is appropriate because counsel billed for some clerical tasks and billed unreasonable amounts of time for a few other tasks. O'Brien recommends a total reduction of no less than 1.5 hours and no more than 1.7 hours. (Doc. 20-1, ¶ 15).

It is well settled in the Ninth Circuit that clerical work is not properly reimbursable as attorney's fees. See e.g. *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 1 1989); *Aranda v. Astrue*, 2011 WL 2413996, *6 (D. Or. June 8, 2011). Nevertheless, Plaintiff's counsel has submitting billing entries for approximately six hours spent on clerical tasks such as preparing cover sheets and summonses,

filing documents, preparing and filing a notice of change of address, and preparing unspecified correspondence. (Doc. 18, at 5-8 (billing entries dated 12/04/17; 12/14/17; 12/18/17; 2/26/18; 4/19/18)). Because some of these entries were block billed and the nature of the correspondence is not entirely clear, it is not possible to determine exactly how much time was actually spent on clerical tasks. The Court agrees that a minimal reduction of fees is thus appropriate

Next, the Commissioner objects to counsel's use of block billing "Block billing refers to the practice of recording various tasks performed on a case, but entering only a total time spent collectively on those tasks, rather than entering the time spent on each discrete task." *Santana v. Berryhill*, 2017 WL 4211044 *4 (D. Haw. Aug. 31, 2017) (quoting *Painsolvers, Inc. v. Statefarm Mut. Auto. Ins. Co.*, 2012 WL 25292998 *13 (D. Haw. June 28, 2012)). The Commissioner is correct that Plaintiff's counsel billed some of his time in block format, with some entries describing two or more tasks. For example, one entry is for 5.75 hours spent reviewing the file, reviewing the transcript, reviewing the medical records, and preparing a medical record summary. (Doc. 18, at 6 (billing entry dated 03/15/18)). Nevertheless, with the exception of the difficulty identifying the exact amount of time spent on clerical tasks, counsel's billing entries are sufficiently detailed to permit the Court to evaluate the reasonableness of the hours expended on the case. Thus, a percentage reduction for block billing is not warranted.

Finally, the Commissioner objects to several billing entries on the ground that the number of hours spent on particular tasks is excessive under the circumstances. The Court agrees that some of counsel's itemized time is excessive. For example, counsel billed a quarter of an hour to review the order granting in forma pauperis (12/5/17); billed a quarter of an hour to review a notice of appearance (2/7/18); billed a quarter of an hour to review the briefing schedule and notice of assignment (2/21/18); and billed .3 hours to review consents and a notice of consent (3/13/18).

For the reasons set forth above, the Court concludes that Plaintiff's fee request ($6,690.86) should be reduced by ten percent ($669.09), which is equivalent to excluding between three and four hours of attorney time from the 34 hours submitted. Accordingly,

IT IS ORDERED that Plaintiff's motion for attorney fees be GRANTED in the amount of $6,021.77. If, after receiving the Court's EAJA fee Order, the Commissioner: (1) determines upon effectuation of the Court's EAJA fee Order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the requirement of Anti-Assignment Act, the fees should be made payable to Plaintiff's attorneys. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after

offset should be paid by a check made out to Plaintiff but delivered to Plaintiff's attorneys.

DATED this 7th day of September, 2018

_____
Jeremiah C. Lynch
United States Magistrate Judge